UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
:
PRINCE BRELAND, ANNIE COLEMAN and,    :   08 CV 6120 (LAK)(DFE)
MAXIME DIATTA, individually and on behalf of :
all others similarly situated,                                  :
:
                        Plaintiffs,       :
:
      - against -                                    :
:
GEOFFREY ZAKARIAN, COUNTRY IN NEW     :
YORK, LLC, ADAM BLOCK, 3 SIXTY        :
HOSPITALITY, LLC, MOSHE LAX, THE      :
CARLTON HOTEL ON MADISON AVENUE       :
and CARLTON HOTEL MANAGEMENT, LLC,    :
:
                       Defendants.       :
----------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT COUNTRY IN NEW YORK, LLC'S MOTION
TO DISMISS PLAINTIFFS' THIRD CAUSE OF ACTION**

                                                        HODGSON RUSS LLP
                                                        1540 Broadway, 24th Floor
                                                        New York, New York 10036
                                                        Telephone: (212) 751-4300
                                                        Facsimile:  (212) 751-0928

                                                        *Attorneys for Defendant*
                                                         *Country in New York, LLC*

Of Counsel:
Mark A. Harmon, Esq.
Jacqueline I. Meyer, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................1

ARGUMENT .................................................................................................................................2

    THE THIRD CAUSE OF ACTION FAILS TO STATE
    A CLAIM AS A MATTER OF LAW AS IT IS BASED
    SOLELY UPON NEW YORK STATE LAW AS THE
    BASIS FOR LIABILITY UNDER THE FLSA .................................................................2

    A.    New York State Law Cannot be the Objective Standard
           Because the Second Circuit Has Explicitly Ruled That the
           Prompt Payment Requirement Under the FLSA be
           Measured by "Objective Standards" Aimed at Achieving a
           Uniform, National Standard ...................................................................................2

    B.    Plaintiffs Do Not Allege Any Basis for Their Third Cause
           of Action Other Than New York State Law ..........................................................4

    C.    Plaintiffs' Framing of the "Objective Standard" of the
           FLSA Prompt Pay Requirement as Being Governed by
           New York State Law is Nothing More Than a Bid for
           Liquidated Damages Not Otherwise Available Under a
           State Law Class-Action Claim ...............................................................................5

    D.    Allowing Plaintiffs to Graft Federal Penalties Onto
           New York State Law Would Undermine the
           Legislative Intent of the FLSA ..............................................................................6

CONCLUSION ..............................................................................................................................7

# TABLE OF AUTHORITIES

**Federal Cases**

*Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993)..................................................................................4

*Birbalas v. Cuneo Printing Industries*, 140 F.2d 826 (7th Cir. 1944) ........................................4

*Martin v. Selker Bros., Inc.*, 949 F.2d 1286 (3d Cir. 1991) ...........................................................4

*Rogers v. City of Troy*, 148 F.3d 52 (2d Cir. 1998) ..............................................................2, 3, 4

*Seneca Coal & Coke Co. v. Lofton*, 136 F.2d 359 (10th Cir. 1943) ........................................4, 5

**State Cases**

*Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115 (1st Dep't 1980) ..................................................5, 6

*Woods v. Champion Courier*, Oct. 9, 1998 N.Y.L.J. 26, col. 1
(Sup. Ct. N.Y. County 1998) .........................................................................................................6

**State Statutes**

NY CPLR § 901(b) .....................................................................................................................5, 6

NYLL § 191(i)(a) ................................................................................................................. *passim*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PRINCE BRELAND, ANNIE COLEMAN and, : 08 CV 6120 (LAK)(DFE)
MAXIME DIATTA, individually and on behalf of :
all others similarly situated, :
:
                      Plaintiffs, :
:
            - against - :
:
GEOFFREY ZAKARIAN, COUNTRY IN NEW :
YORK, LLC, ADAM BLOCK, 3 SIXTY :
HOSPITALITY, LLC, MOSHE LAX, THE :
CARLTON HOTEL ON MADISON AVENUE :
and CARLTON HOTEL MANAGEMENT, LLC, :
:
                      Defendants. :
------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT COUNTRY IN NEW YORK, LLC'S MOTION
TO DISMISS PLAINTIFFS' THIRD CAUSE OF ACTION**

        Defendant Country in New York, LLC ("Country"), by its attorneys, Hodgson Russ LLP, respectfully submits this reply memorandum of law in further support of its motion, made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for an order: (1) dismissing Plaintiffs' third cause of action alleging a violation of the Fair Labor Standards Act (the "FLSA") prompt pay requirement with prejudice as a matter of law; and (2) granting such other and further relief as the Court deems just and proper.

### PRELIMINARY STATEMENT

        Plaintiffs' opposition to Country's motion to dismiss fails to explain or justify a cognizable basis for imposing FLSA liquidated damages on New York state employers based on

alleged violations of local labor laws. Yet, in the face of clear pronouncements that the FLSA was intended to create a uniform national standard, that is exactly what Plaintiffs propose. As previously demonstrated in Country's motion to dismiss, and as further shown herein, Plaintiffs' third cause of action is premised on an unwarranted and unfounded extension of law which is at odds with all reported cases and grafts federal penalties onto New York state law to which Plaintiffs would not otherwise be entitled. It is not surprising that Plaintiffs are unable to provide reference to any decision from any court which has determined that FLSA penalties may be imposed for failure to abide by local rules and regulations. Plaintiffs' attempt to do so here should be rebuffed and its third cause of action dismissed with prejudice as a matter of law.

## ARGUMENT

### THE THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM AS A MATTER OF LAW AS IT IS BASED SOLELY UPON NEW YORK STATE LAW AS THE BASIS FOR LIABILITY UNDER THE FLSA

A. New York State Law Cannot be the Objective Standard Because the Second Circuit Has Explicitly Ruled That the Prompt Payment Requirement Under the FLSA be Measured by "Objective Standards" Aimed at Achieving a Uniform, National Standard

Plaintiffs misapply the Second Circuit case, *Rogers v. City of Troy,* 148 F.3d 52 (2d Cir. 1998), in support of their specious effort to use New York state law, NYLL § 191(1)(a),[1] as the "objective standard" to determine a prompt pay claim under the FLSA. (Plaintiffs' Memo at 12.) In fact, to apply New York state law runs afoul of the objectives of the FLSA and, as such, Plaintiffs' characterization of *Rogers'* "objective standards" test is misleading and inaccurate. The purpose behind the creation of the "objective standards" test for determining timely payment, as

---

[1] NYLL § 191(1)(a) provides, in part, that: "(i) A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned...."

2

the Second Circuit explicitly explains in *Rogers,* was to achieve a uniform, national standard against which the timelines of payments could be measured. Accordingly, the Court in *Rogers* rejected the use of a collective bargaining agreement as the objective standard, recognizing that to do so would be inconsistent with achieving a national standard:

> [T]he cases demonstrate that what constitutes timely payment must be determined by objective standards -- and not solely by reference to the parties' contractual arrangements. Indeed, to link the statutory obligations under the FLSA to the parties' collective bargaining agreement would be contrary to the whole thrust of the statute, which was not designed to codify or perpetuate [industry] customs and contracts' but to achieve a uniform national policy in terms of wages and hours. The FLSA sets a national floor in terms of working conditions, in order to protect workers from the substandard wages and excessive hours that might otherwise result from the free market. Parties may, of course, contract for additional rights above those guaranteed by the statute. But the existence of the FLSA does not convert every suit involving the breach of an employment contract into a federal case. Accordingly, while the waiver or agreement does not insulate a practice from being held to be a violation of the FLSA, neither does a violation occur simply because a practice breaches a worker's collective bargaining agreement.

*Rogers,* 148 F.3d at 57. (internal quotation marks and citations omitted).

*Rogers* mandates against the use of the NYLL § 191(1)(a) as the "objective standard" because, much like any private contractual agreement, there is no uniformity among each state's law. Reliance, therefore, on any one of those individual laws would necessarily undermine the FLSA's own objective of establishing a uniform, national prompt pay standard. To the contrary, it would create a different "objective standard" in each state in which claims under the FLSA are adjudicated. State laws vary as do parties' private contractual agreements. To apply either as the "objective standard" is inconsistent with the Second Circuit's mandate.

Rejecting the adoption of individual state standards as a measure of prompt payment guidelines is consistent with Plaintiffs' inability to cite a single case supporting their assertion that, in

3

the context of alleged minimum wage violations under the FLSA, courts look to NYLL § 191(1)(a), or any other state statute, to determine the "objective standard" governing the timing of wage payments. Instead, Plaintiffs' opposition relies on a series of ultimately irrelevant and inapposite cases many of which do not even contemplate the requirements of the FLSA but deal with interpretation and application of other federal statutes. And the few FLSA cases Plaintiffs do cite, are either misinterpreted by Plaintiffs or simply do not contemplate the type of remedy the Plaintiffs seek here.[2]

        B.    Plaintiffs Do Not Allege Any Basis for Their Third Cause of Action Other Than New York State Law

It is not Country's position that Plaintiffs cannot, under any circumstances, state a claim for a violation of the FLSA prompt payment requirement, only that they cannot do so on allegations that violations of New York state law form the basis for that claim. Put simply, the FLSA's "objective standards" test merely requires that wages have been paid regularly and promptly on some predetermined payday of reasonable frequency in light of the totality of the specific circumstances of the case in question. And when this "objective standard" of prompt pay has not been met, courts will find liability under the FLSA. *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1299 (3d Cir. 1991) (liquidated damages available to employees who were not paid when wages were due); *Birbalas v. Cuneo Printing Industries*, 140 F.2d 826, 828 (7th Cir. 1944) (liquidated damages available for overtime wages not paid at scheduled payday); *Biggs v. Wilson*, 1 F.3d 1537, 1542-43 (9th Cir. 1993) (wages were not promptly paid since not paid on payday); and *Seneca Coal & Coke*

---

[2] For example, Plaintiffs' reliance on *Biggs v. Wilson,* 1 F.3d 1537 (9th Cir. 1993), as one of the "leading cases" (Plaintiffs' Memo at 10-11) is misplaced as the Second Circuit in *Rogers* has explicitly rejected the decision in *Biggs* holding that "we respectfully decline to follow that Circuit's opinion." *Rogers,* 148 F.3d at 57.

4

*Co. v. Lofton*, 136 F.2d 359, 363 (10th Cir. 1943) (liquidated damages were available where overtime not paid as due in regular course of employment). However, Plaintiffs claim a violation of the FLSA based solely on the notion that the "objective standard" regarding what constitutes prompt payment is NYLL § 191(1)(a) and seek damages under the FLSA based only upon Country's alleged violations of NYLL § 191(1)(a). Since NYLL § 191(1)(a) is not the proper "objective standard" to be applied, Plaintiffs' third cause of action fails to state a claim for a violation of the FLSA's implicit prompt pay requirement.[3]

      C.    Plaintiffs' Framing of the "Objective Standard" of the FLSA Prompt Pay Requirement as Being Governed by New York State Law is Nothing More Than a Bid for Liquidated Damages Not Otherwise Available Under a State Law Class-Action Claim

Plaintiffs are eager to claim NYLL § 191(1)(a) as the "objective standard" under which to judge the prompt pay requirement of the FLSA because Plaintiffs want to pursue the potential for liquidated damages that are available under the FLSA, as opposed to the more limited damages available under NYLL § 191(1)(a). This is because, while theoretically the liquidated damages Plaintiffs are requesting are available to Plaintiffs under both the FLSA and NYLL § 191(1)(a), only the FLSA allows for the collection of liquidated damages in a class action context.

It is well settled in New York that a party may not bring a class action complaint for a violation of a New York statute if that statute authorizes the prevailing party to collect a penalty. NY CPLR § 901(b). Liquidated damages, which are punitive in nature, are considered a penalty under New York law. *See Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115, 116 (1st Dep't 1980) (barring Labor Law class action under NY CPLR § 901 (b) because the liquidated damages provided for thereunder

---

[3] Notably, Plaintiffs do not allege a state law cause of action against Country for a violation of NYLL § 191(1)(a), but seek only to impose state law liability through the FLSA.

5

are a penalty), *aff'd*, 52 N.Y.2d 994 (1981); *Woods v. Champion Courier*, Oct. 9, 1998 N.Y.L.J. 26, col. 1 (Sup. Ct. N.Y. County 1998) (holding that the liquidated damages provided for under Labor Law were "punitive damages" and, thus, a "penalty" under NY CPLR § 901(b)). As such, under NY CPLR § 901(b), a class action, like the one Plaintiffs are attempting to bring here, cannot be maintained unless liquidated damages are waived. Not wanting to waive the potential for liquidated damages, Plaintiffs instead allege a violation of the prompt pay requirement under the FLSA. In this regard, Plaintiffs hope to circumvent the liquidated damages restrictions present in NY CPLR § 901(b), while simultaneously seeking to incorporate the terms of NYLL § 191(1)(a) into the FLSA. In other words, Plaintiffs actions are motivated purely by a desire to graft federal penalties onto state law and, as such, circumvent state law limitations on enforcement. If Plaintiffs have New York state wage claims, they should bring them under New York state law instead of purporting to bring them under the FLSA while insisting that this Court's interpretation of the FLSA be bound by state standards.

       D.    Allowing Plaintiffs to Graft Federal Penalties Onto New York State Law Would Undermine the Legislative Intent of the FLSA

Ultimately, allowing Plaintiffs to replace the prompt payment standard of the FLSA with the one articulated in NYLL § 191(1)(a) would do nothing more than serve to pervert the meaning of both statutes. This is because combining the requirements of the NYLL § 191(1)(a) with the remedies provided by FLSA, only serves Plaintiffs' agenda at the expense of the true legislative intent of both federal and state law, causing in the process a substantial and unjustified reimagining of the FLSA. Nothing in the text of the statute, its legislative history, or in its clearly stated goals, justifies making NYLL § 191(1)(a), or any other state statute, the "objective standard" by which to judge the FLSA's prompt pay requirement. And, as such, Plaintiffs have not been able to point to any

such evidence justifying such a departure. In unilaterally insisting on defining the "objective standard" in this manner, Plaintiffs simply substitute their own judgment for that of the legislature and attempt an end-run around legislative intent, reserving for themselves the ability to create a new remedy where previously none existed. If this Court were to allow Plaintiffs to graft federal penalties onto state law, it would fundamentally alter the meaning and purpose of both the FLSA and NYLL § 191(1)(a) and serve to complicate the regulation and enforcement of the FLSA

For all of the foregoing reasons, the third cause of action of the Complaint should be dismissed in its entirety.

## CONCLUSION

It is respectfully requested that this Court dismiss Plaintiffs' third cause of action in its entirety with prejudice as a matter of law, and that it grant such other and further relief as it deems just and proper.

Dated: New York, New York
       March 5, 2009

>                           HODGSON RUSS LLP
>
>                           By: _____
>                           Mark A. Harmon (MH-9126)
>                           Jacqueline I. Meyer (JM-2400)
>                           1540 Broadway, 24th Floor
>                           New York, New York 10036
>                           Telephone: (212) 751-4300
>                           Facsimile:  (212) 751-0928

7